IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-75,374-04




EX PARTE KENNY DALE JENKINS, Applicant
 



ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 31259 IN THE 13TH DISTRICT COURT
FROM NAVARRO COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of nine counts of
aggravated sexual assault of a child and sentenced to nine life sentences, which were ordered to run
consecutively. The Tenth Court of Appeals affirmed his convictions. Jenkins v. State, No. 10-07-00307-CR (Tex. App.—Waco Oct. 14, 2009) (unpublished).
            Applicant contends that the jury foreman knew the complainant and was biased. He also
alleges that when the prosecutor learned of this, she committed prosecutorial misconduct when she
told the complainant not to tell anyone, and did not report the issue to the court or the defense. The
trial court found that Applicant’s claims were barred as subsequent under Section 4 of Article 11.07
of the Code of Criminal Procedure because he presented no newly discovered evidence. However,
the record contains an affidavit from the complainant dated after Applicant’s prior writ was decided. 
            Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make specific findings of fact and conclusions of law as to whether this
claim was available to Applicant at the time he filed his previous 11.07 application. The trial court
shall make further findings of fact and conclusions of law as to whether one of the jurors was biased
against Applicant, depriving him of a fair trial by an impartial jury. The trial court shall also make
findings of fact addressing Applicant’s contention that the prosecutor committed prosecutorial
misconduct by not revealing that the juror and complainant knew each other. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: April 2, 2014
Do not publish